**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Hamm, | No. CV-24-01493-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Dogtopia Enterprises LLC, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Remand to State Court. (Doc. 11). The Motion is fully briefed. (Docs. 11, 14, 15). For the following reasons, the Court grants the Motion.

**I.    BACKGROUND**

This action was filed in the Maricopa County Superior Court on May 17, 2024. (Docs. 1 at 2, 1-1 at 2). Defendant Dogtopia Enterprises LLC ("Defendant Dogtopia") then removed the action to this Court on June 20, 2024 on the basis of diversity jurisdiction. (Doc. 1 at 3). Defendants allege that diversity jurisdiction is proper because Plaintiff is a resident of Canada, Defendant Neil Gill is a resident of Arizona, and Defendant Dogtopia is incorporated in Delaware and maintains its principal place of business in Phoenix, Arizona. (Id.)

Plaintiff filed the instant Motion to Remand on July 22, 2024, arguing that Defendant Dogtopia improperly removed this action prior to being served with process in order to evade the application of 28 U.S.C. § 1441(b)(2), which prohibits removal "if any

of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." (Doc. 11 at 2) (emphasis added). Defendant Dogtopia contends that removal of this action based on diversity jurisdiction was proper under the removal statute and the Federal Rules of Civil Procedure. (Doc. 14 at 1).

## II.   DISCUSSION

Plaintiffs argue that Defendant Dogtopia's removal of this action prior to being served constitutes an impermissible "snap removal" intended to circumvent the so-called forum defendant rule of § 1441, which would otherwise prohibit removal by a served forum defendant. (Doc. 11 at 1–2).

Generally, an action may not be removed to federal court on the basis of diversity jurisdiction if at least one defendant is a citizen of the state in which the action is brought. § 1441(b)(2). However, the prohibition on removal is limited by the text of § 1441(b)(2) to forum defendants who are "properly joined and served." The removal of an action before an in-state defendant has been served with process is known as "snap removal." See Casola v. Dexcom, Inc., 98 F.4th 947, 950 (9th Cir. 2024).

As the parties acknowledge, the Ninth Circuit has yet to definitively endorse or reject the practice of snap removal.[1] (Docs. 11 at 4, 14 at 6–7); see Casola, 98 F.4th at 950 n.1 ("[T]he present appeals do not offer us the chance to decide the permissibility of snap removals in the Ninth Circuit.). This district has reached divergent conclusions on the matter. Compare McDonough v. Bidwell, No. CV-24-cv-00764-PHX-DWL, 2024 WL 2795296, at *6 (D. Ariz. May 31, 2024) (finding that § 1441(b)(2) did not preclude removal), with Rogers v. Gosney, No. CV-15-08154-PCT-GMS, 2016 WL 4771376, at *3–4 (D. Ariz. Sept. 4, 2016) (finding that defendant's status as in-state defendant precluded removal jurisdiction), and Translavina v. MDS Pharma Servs. Inc., No. CV-11-0742-PHX-FJM, 2011 WL 2132880, at *1 (D. Ariz. May 27, 2011) (same).

---

[1] The circuits which have addressed the issue are split; the Eleventh Circuit has concluded that snap removals are improper but the Second, Third and Fifth Circuits have permitted snap removals. Compare Goodwin v. Reynolds, 757 F.3d 1216, 1221 (11th Cir. 2014), with Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 705 (2d Cir. 2019) and Encompass Ins. Co. v. Stone Mansion Restaurant Inc., 902 F.3d 147, 153–54 (3d Cir. 2018).

In Rogers, this Court found that, absent of evidence of fraudulent joinder, the in-state status of the defendant precluded the Court's exercise of removal jurisdiction. 2016 WL 4771376, at *4. The Court echoed the rationale of other district courts which had found that Congress, in enacting § 1441, could not have conceivably intended to create a means for a forum defendant to circumvent the forum defendant rule simply by removing the case prior to being served. Id.

Defendant cites to a recent decision from this district in which the Court denied a motion to remand made on largely the same grounds as the instant motion. See McDonough, 2024 WL 2795296 at *2–3. In that case, the defendants removed the action two days after it was filed in state court and argued that § 1441 was inapplicable to defeat removal jurisdiction as no forum defendant had yet been "properly joined and served." Id. at *1–2. The Court found that "the plain and unambiguous language of § 1441(b)(2) prohibits removal only when a defendant who has been 'properly joined and served' is a citizen of the forum state." Id. at *2. Because no defendant has been served at the time that the action was removed, the Court in McDonough denied the motion to remand.[2]

Here, the Court does not read § 1442(b)(2) as permitting a forum defendant to remove an action prior to being served with process when the statute otherwise prohibits removal by a forum defendant. The Court begins with the principle that courts strictly construe § 1441 against removal jurisdiction. Takeda v. Northwestern Nat. Life Ins. Co., 765 F.2d 815, 818 (9th Cir. 1985), citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941). It is inconsistent with this principle of statutory construction to ratify an arbitrary means to circumvent the very rule established by § 1441(b)(2) and recognize removal jurisdiction where it otherwise would be prohibited. Second, "[i]t is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." Home Depot U.S.A., Inc. v. Jackson, 587 U.S. 435, 441 (2019), citing Davis v. Michigan Dept. of

---

[2] The Court also observed that the notice of removal was deficient in that it did not allege the citizenship of each of the parties; accordingly, the Court ordered each of the parties to file notices informing the Court of their respective citizenships.

Treasury, 489 U.S. 803, 809 (1989). In the Court's view, the statutory context of § 1441(b)(2) supports the conclusion that the language "properly joined and served as defendants" excepts from the statute's prohibition on removal those instances in which a forum defendant is fraudulently joined so as to defeat removal jurisdiction. The inclusion of "properly joined and served" does not, however, permit a forum defendant to circumvent the rule merely by removing the action prior to being served with process. In consideration of the broader context of the removal statute and the forum defendant rule, the Court agrees with the conclusion reached in Rogers—that the language of § 1441(b)(2) does not permit removal in instances where a forum defendant has yet to be served, but instead applies to permit removal in cases of fraudulent joinder. 2016 WL 4771376, at *3.

This action—comprised of state-law claims against in-state defendants—is precisely one to which the forum-defendant rule was intended to apply. The Court finds that the in-state citizenship of the Defendants here precludes removal jurisdiction and grants Plaintiff's Motion to Remand. (Doc. 11).

Accordingly,

**IT IS ORDERED granting** Plaintiff's Motion to Remand. (Doc. 11).

**IT IS FURTHER ORDERED directing** the Clerk of Court to remand this action to the Maricopa County Superior Court.

Dated this 19th day of August, 2024.

_____
Honorable Stephen M. McNamee
Senior United States District Judge